IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Sandra D. Miles, ) | |
| ) | Civil Action No. 6:04-1633-CMC-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration that the plaintiff was not entitled to disability insurance benefits ("DIB").

**ADMINISTRATIVE PROCEEDINGS**

On April 18, 2001, the plaintiff filed an application for DIB alleging disability beginning October 1, 2000. The application was denied initially and on reconsideration. On December 7, 2001, the plaintiff requested a hearing, which was held on August 29, 2002. Following the hearing, at which the plaintiff, her attorney and a vocational expert

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

appeared, the administrative law judge considered the case *de novo*, and on November 26, 2002, determined that the plaintiff was not entitled to benefits. This determination became the final decision of the Commissioner when it was adopted by the Appeals Council on March 23, 2004.

In making the determination that the plaintiff was not entitled to benefits, the ALJ made the following findings:

> (1) The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2000.
>
> (2) The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> (3) The claimant had an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).
>
> (4) These medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart F, Regulation No. 4.
>
> (5) The undersigned finds the claimant's allegations regarding her limitations are not fully credible for the reasons set forth in the body of the decision.
>
> (6) The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).
>
> (7) From October 1, 2000 through December 31, 2000, the claimant had the following residual functional capacity: she could lift and carry ten pounds occasionally, she was not able to perform any crawling, crouching, climbing, squatting or kneeling, and she could not be required to interact with the public.
>
> (8) The claimant was unable to perform any of her past relevant work (20 CFR § 404.1565).
>
> (9) The claimant was a "younger individual" (20 CFR § 404.1563).

(10) The claimant had a "high school (or high school equivalent) education" (20 CFR § 404.1564).

(11) Transferability of skills is not an issue in this case (20 CFR § 404.1568).

(12) The claimant had the residual functional capacity to perform a significant range of sedentary cork (20 CFR § 416.967).

(13) Although the claimant's exertional limitations did not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.21 as a framework for decision-making, there were a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as office clerk, surveillance monitor, and hand packager.

(14) The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

The only issues before the court are whether the findings of fact are supported by substantial evidence and whether proper legal standards were applied.

## APPLICABLE LAW

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."  42 U.S.C. §423(a).  "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must consider whether the claimant (1) is engaged

3

in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1503(a). *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v.*

*Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)).  The phrase "supported by substantial evidence" is defined as :

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational.  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The plaintiff contends the ALJ erred in failing to find her disabled.  The plaintiff argues that she submitted new evidence which was not addressed by the Appeals Council and contends that the case should be remanded "for administrative consideration of new opinion evidence from the plaintiff's treating physicians."  Additionally, the plaintiff alleges that the ALJ erred (1) by failing to properly evaluate her residual functional capacity and (2) by failing to properly evaluate her credibility.

The plaintiff was born on October 21, 1951, and was 50 years old at the time of the hearing (Tr. 32).  Her alleged onset date was October 1, 2000, and it is undisputed that her insured status expired December 31, 2000, when she was 49 years old (Tr. 30). The plaintiff has a high school education and worked for 25 years as an office clerk (Tr. 35).

The ALJ found that the plaintiff had the recurrent back pain, Type 2 diabetes, and major depression, which were severe in combination (Tr. 20) but he found that during

5

the period in question (October 1, 2000 through December 31, 2000), the plaintiff had the residual functional capacity to perform a limited range of sedentary work.

The plaintiff stopped working in 1994 when she chose to retire rather than relocate when the company where she was employed downsized its operations (Tr. 34-38). She alleges that she became unable to perform any work on October 1, 2000.

A review of the record shows that the plaintiff underwent a lumbar discectomy in April 1999. Her treating orthopedist, Dr. Mark Triana, indicated that the plaintiff did well initially post-operatively, but by 2001 her condition had worsened (Tr. 167). His records also indicate that the plaintiff was diagnosed with fibromyalgia in 2001 (Tr. 166).

Much of the medical evidence in the record reflects the plaintiff's medical condition after her date last insured. Since that date (December 31, 2000), she has been diagnosed with diabetes, degenerative disc disease, depression, and diabetic neuropathy. At the hearing before the ALJ, the plaintiff testified that she has insulin dependent diabetes and has been hospitalized on four occasions for severe depression (Tr. 40-44). She further testified that she is unable to work due to her severe back pain and depression (Tr. 47-49).

## ANALYSIS

### *Additional Evidence Submitted*

The plaintiff submitted additional medical reports, which had not been considered by the ALJ, to the Appeals Council for consideration. On March 23, 2004, the Appeals Council issued an order stating that it had received "evidence in addition to that which was before the Administrative Law Judge" and that it had incorporated that additional evidence into the record (Tr. 9). By incorporating this evidence into the record and considering it upon request for review, the Appeals Council determined that this evidence was both new and material, and related to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. §§404.970(b), 416.1470(b); *see also Wilkins v. Secretary of Dep't*

*of Health and Human Serv.*, 953 F.2d 93, 95 (4th Cir. 1991). Also on March 23, 2004, the Appeals Council declined the plaintiff's request for review (Tr. 5). In its decision, the Appeals Council concisely stated that it had considered the entire record, including the post-hearing evidence, and did not find cause to disturb the ALJ's decision. The denial of review by the Appeals Council without an explanation of the new evidence or an indication that the Appeals Council had considered the evidence creates a dilemma for the reviewing court. This court does not have jurisdiction to review the decision of the Appeals Council because, under the regulations, the Council's denial of review made the decision of the ALJ final. 20 C.F.R. §404.981; *Wilkins*, 953 F.2d at 96. Therefore, this court may review only the ALJ's decision to deny the plaintiff's request for benefits. However, that review must include the new and material evidence incorporated by the Appeals Council into the administrative record. *Id.* Thus, this court must review a record that contains evidence not seen, and therefore not evaluated, by the ALJ.

While there is a difference of opinion among courts as to whether or not the Appeals Council must articulate its assessment of the new evidence, recent decisions by courts in this circuit have held that a reviewing court cannot properly review an administrative record without an understanding of the weight assigned to all the evidence. *See Hawker v. Barnhart*, 235 F.Supp.2d 445, 452 (D.Md. 2002); *Harmon v. Apfel*, 103 F.Supp.2d 869, 873 (D.S.C. 2000); *Riley v. Apfel*, 88 F.Supp.2d 572, 579 (W.D.Va. 2000). While there is no published Fourth Circuit authority on this issue,[2] this court finds that the more appropriate course for a reviewing court is to remand the case to the Commissioner for an articulation of its assessment of the new evidence.

---

[2]There are two conflicting unpublished Fourth Circuit opinions on this issue. In *Hollar v. Commissioner of Soc. Sec.*, 1999 WL 753999 (4th Cir. 1999), the court rejected a claim that the Appeals Council must explain its treatment of additional evidence, because the regulation addressing additional evidence does not direct the Appeals Council to do so. *See* 20 C.F.R. §404.970(b). However, in *Thomas v. Commissioner of Soc. Sec.*, 24 Fed.Appx. 158, 2001 WL 1602103 (4th Cir. 2001), the Fourth Circuit found that the Appeals Council must indicate the reasons for discounting additional evidence.

The additional evidence submitted by the plaintiff consisted of a letter from Dr. Elizabeth Snoderly dated January 29, 2003, and a letter from Dr. Triana dated February 4, 2003 (Tr. 257-260). Dr. Snoderly stated that the plaintiff had "significant limitations in her activity levels as well as her ability to function," that she had used a cane "for as long as I have seen her since April 5, 1999," and that she "appear[ed] to be quite limited with the inability to stand, walk, or even sit for a long period of time" (Tr. 257). Dr. Snoderly also stated that she thought the plaintiff "would be a candidate for some type of assistance due to her permanent disability" (Tr. 257). In his February 2003 letter, Dr. Triana stated that he had taken care of the plaintiff since January 1999 for severe back and leg pain. Dr. Triana then stated that he did not believe that the plaintiff "was in any way employable" throughout her care from January 1999. He further indicated that the plaintiff was restricted from any lifting, pushing or pulling greater than 10 pounds on an intermittent basis, that she has to avoid stooping, bending, climbing or reaching above her head or below her waist, and that she cannot sit, stand or walk for any extended period of time more than thirty minutes at a time. The main basis for the ALJ's decision here was that there was insufficient evidence in the record that the plaintiff suffered disabling impairments from October 1, 2000 through December 31, 2000. This new evidence, therefore, is potentially contradictory to the ALJ's conclusion that the plaintiff was not disabled on the date she was last insured.

To affirm the decision of the ALJ without an explanation from the Appeals Council, this court would have to determine that this new evidence supports the conclusion that there is substantial evidence to uphold the ALJ's denial of benefits. Likewise, to reverse the decision of the ALJ would require this court to weigh the new evidence submitted to the Appeals Council. Since there is no discussion of this evidence, or the weight attributed to it by the Appeals Council, this court would be in the position of weighing and evaluating the additional medical reports. The Fourth Circuit has consistently held that

a reviewing court is not permitted to weigh evidence; the function is solely within the province of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Thus, this court should not review the evidence without an understanding of how the ALJ or the Appeals Council weighed and evaluated the evidence. A reviewing court cannot properly engage in a meaningful review of the record without some indication of the weight assigned to the new evidence. As stated by the district court in *Harmon*:

> This court is not a soothsayer and cannot base its conclusion on surmise and conjecture as to the reasons the Commissioner disregarded the new additional evidence presented to it. "Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Secretary of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977).

*Harmon*, 103 F.Supp. 2d at 872.

The court in *Harmon* acknowledged the Fourth Circuit's panel opinion in *Hollar*, but found it to be both unconvincing and non-binding in light of its perfunctory analysis and unpublished status. This court agrees and chooses to follow the reasoned opinion of the district court in *Harmon*:

> [A]lthough the Appeals Council's decision whether to grant or deny review of an ALJ's decision may be discretionary as well as unreviewable, and the regulations do not require the Appeals Council to articulate a reason for its decision not to grant review, a reviewing court cannot discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence when the Appeals Council considered evidence that the ALJ did not have the opportunity to weigh, and rejected that new, additional evidence without specifying a reason for rejecting it or explicitly indicating the weight given to the evidence.

9

*Id.* at 873.

In this case, the Appeals Council issued its decision without indicating that it had actually considered the additional evidence. Thus, a reviewing court cannot "discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence." *Id.* Because the record contains no explanation as to the weight given by the Appeals Council to the new evidence, this court concludes that the instant case should be remanded under sentence four of 42 U.S.C. §405(g) to give the Commissioner the opportunity to articulate her assessment of the additional evidence. The district court will then be in a position to determine whether or not the Commissioner's decision is supported by substantial evidence. *Id.*; *see also Alexander v,. Apfel*, 14 F.Supp.2d 838, 844 (W.D. Va. 1998); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, this court recommends that this case be remanded to the Commissioner for further proceedings consistent with the foregoing.

s/William M. Catoe
United States Magistrate Judge

June 28, 2005

Greenville, South Carolina